IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR99** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **CHRISTOPHER HELLER,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 24). The government has adopted the PSR. (Filing No. 25.) The government has adopted the PSR. (Filing No. 25.)  *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Defendant objects to the following paragraphs, although apparently the objections were not submitted in a timely manner to the probation officer before preparation of the final report, as required by ¶ 4 of the Order on Sentencing Schedule:

1.  ¶ 43 - The Defendant objects to the assessment of 3 criminal history points for this prior offense, arguing that the offense is relevant conduct to the instant offense and therefore no points should be assessed. The Defendant was arrested on May 16, 2002, on the prior offense, which consists of possession of marijuana with intent to deliver in the Douglas County, Nebraska District Court. The Defendant was sentenced on December 20, 2004, to 3-5 years imprisonment. The instant offense involves a methamphetamine conspiracy from on or about May 2004, through December 28, 2004. These offenses are

not connected through the type of drug or, more importantly, time.  The offenses occurred approximately 2 years apart.  *United States v. Weiland,* 284 F.3d 878, 883 (8th Cir. 2002) (concluding that a prior offense was relevant conduct because it was connected to the instant offense by time and relationship to the instant criminal scheme).

    2.    ¶ 60 - The objection to details surrounding the Defendant's admission of using alcohol at the described residence does not relate to the guideline calculation and is denied.

    3.    ¶ 61 - In light of the additional information contained in ¶ 61, the objection to details surrounding the use of a controlled substance is denied.  The requested change has no effect on the sentencing guidelines and, in light of the balance of the reported information, is inconsequential to the Bureau of Prisons.

    4.    ¶ 65 - The Defendant objects to a reference to the Pretrial Services Report to a vehicle then reported as owned by the Defendant.  The objection is denied, as the information appearing in the PSR has no affect on the guideline calculation or matters relating to the Defendant's assets in light of the additional information in the PSR.

IT IS ORDERED:

    1.    The Defendant's Objections to the Presentence Investigation Report (Filing No. 24) are denied;

    2.    Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

    3.    If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are

required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.   Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5.   Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 15th day of September, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge